FILED   ENTERED
LODGED   RECEIVED

MAR 2 7 2007   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

07-CV-00454-CMP

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUDREY KORNELIUS and BARBARA
SMITH, individually and on behalf of all others
similarly situated,

                       Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                  Defendant.

# C 07-0454 MJP

No.

CLASS ACTION COMPLAINT

Plaintiffs Audrey Kornelius and Barbara Smith ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for damages on behalf of themselves and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

Dockets.Justia.com

1    Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2    as Wal-Mart, Kroger and Safeway.

3        3.    Dog and cat food that the Defendant produced caused an unknown number of

4    dogs and cats to become ill, and many of them to die.

5        4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6    food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7    gravy wet" style.

8        5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9    suffered economic damage.

10                              **II.    PARTIES**

11       6.    Plaintiff Audrey Kornelius has at all material times been a resident of Ferndale,

12   Washington. Ms. Kornelius has a pet that became sick after eating Defendant's pet food.

13       7.    Plaintiff Barbara Smith has at all material times been a resident of Bremerton,

14   Washington. Ms. Smith has a pet that became sick after eating Defendant's pet food.

15       8.    Defendant Menu Foods is, upon information and belief, a corporation organized

16   under the laws of Canada that transacts business in Washington State.

17                     **III.    JURISDICTION AND VENUE**

18       9.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

19   Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

20   $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

21   § 1367.

22       10.   Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

23   Defendant systematically and continuously sold its product within this district and Defendant

24   transacts business within this district.

25

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

## IV.    CLASS ACTION ALLEGATION

11.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition before moving for class certification.

12.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

13.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

14.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

15.    Plaintiffs are members of the Class.

16.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class. The common issues include, but are not limited to, the following:

(a)    Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

1        (d)    Were Plaintiffs and other Class members damaged, and, if so, what is the

2    proper measure thereof?

3        (e)    The appropriate form of injunctive, declaratory and other relief.

4        17.    The prosecution of separate actions by members of the Class would create a risk

5    of establishing incompatible standards of conduct for the Defendant – for example, one court

6    might decide that the Defendant is obligated under the law to pay damages to Class members,

7    and another might decide that the Defendant is not so obligated. Individual actions may, as a

8    practical matter, be dispositive of the interests of the Class.

9        18.    Plaintiffs will fairly and adequately protect the interests of the Class in that they

10   have no interests that are antagonistic to other members of the Class and have retained counsel

11   competent in the prosecution of class actions to represent themselves and the Class.

12       19.    A class action is superior to other available methods for the fair and efficient

13   adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

14   size of individual Class members' claims; and (iii) the limited resources of the Class members,

15   few, if any, Class members could afford to seek legal redress individually for the wrongs

16   Defendant has committed against them.

17       20.    Without a class action, the Class will continue to suffer damage, Defendant's

18   violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

19   the fruits and proceeds of its unlawful misconduct.

20       21.    This action will foster an orderly and expeditious administration of Class claims,

21   economies of time, effort and expense, and uniformity of decision.

22       22.    Inferences and presumptions of materiality and reliance are available to obtain

23   class-wide determinations of those elements within the Class claims, as are accepted

24   methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

25   common liability, the Court can efficiently determine the claims of the individual Class

26   members.

CLASS ACTION COMPLAINT - 4
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

23.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

24.    In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

25.    The Claims in this case are also properly certifiable under applicable law.

## V.    STATEMENT OF FACTS

26.    Plaintiff Audrey Kornelius is the owner of a puppy named Shiwa.

27.    Ms. Kornelius purchased Nutro Natural Choice Puppy for Shiwa to consume.

28.    Shewa became extremely ill after consuming Defendant's dog food.

29.    Plaintiff Barbara Smith is the owner of a cat named Neko.

30.    Ms. Smith purchased Priority U.S. brand cat food from Safeway for Neko to consume.

31.    Neko became extremely ill after consuming Defendant's cat food. Ms. Smith's veterinarian has informed her that Neko will need monitoring for life.

32.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

33.    The Nutro Natural Choice Puppy food that Shiwa consumed is one of the brands that Menu Foods recalled.

34.    The Priority U.S. brand cat food from Safeway that Neko consumed is also one of the brands that Menu Foods recalled.

35.    As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

## VI.    BREACH OF CONTRACT

36.    Plaintiffs reallege all prior allegations as though fully stated herein.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

00195N-11 161466 VI

1       37.    Plaintiffs and Class members purchased pet food produced by the Defendant

2   based on the understanding that the food was safe for their pets to consume.

3       38.    The pet food produced by the Defendant was not safe for pets to consume and

4   caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of

5   contract.

6       39.    As a result of the breach Plaintiffs and Class members suffered damages that may

7   fairly and reasonably be considered as arising naturally from the breach or may reasonably be

8   supposed to have been in the contemplation of the parties, at the time they made the contract, as

9   the probable result of the breach of it.

10  **VII.    UNJUST ENRICHMENT**

11      40.    Plaintiffs reallege all prior allegations as though fully stated herein.

12      41.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

13  and other Class members.

14      42.    Defendant should be required to disgorge this unjust enrichment.

15  **VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES**

16      43.    Plaintiffs reallege all prior allegations as though fully stated herein.

17      44.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

18  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

19  *seq.*, and similar statutory enactments of other states (including consumer protection and

20  consumer sales practice acts).

21      45.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

22  portion of the public and to affect the public interest.

23      46.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

24  other Class members suffered injuries in an amount to be proven at trial.

25  **IX.    BREACH OF WARRANTIES**

26      47.    Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   48.    Cat food and dog food produced by Menu Foods are "goods" within the meaning
2   of Uniform Commercial Code Article 2.

3   49.    Defendant's conduct as described herein constitutes breach of an implied or
4   express warranty of affirmation.

5   50.    Defendant's conduct as described herein constitutes breach of an implied
6   warranty of merchantability.

7   51.    Defendant's conduct as described herein constitutes breach of an implied
8   warranty of fitness for a particular purpose.

9   52.    As a proximate result of the aforementioned wrongful conduct and breach,
10   Plaintiffs and other Class members have suffered damages in an amount to be proven at trial.
11   Defendant had actual or constructive notice of such damages.

12   ## X.    PRAYER FOR RELIEF

13   WHEREFORE, Plaintiffs and Class members request that the Court enter an order of
14   judgment against Defendant including the following:

15   Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules
16   of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class
17   Representative and their counsel of record as Class Counsel;

18   Actual damages (including all general, special, incidental, and consequential damages),
19   statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the
20   states having a legally sufficient connection with Defendant and its acts or omissions) and such
21   other relief as provided by the statutes cited herein;

22   Prejudgment and post-judgment interest on such monetary relief;

23   Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal
24   profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged
25   herein;

26   Other appropriate injunctive relief;

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001968-11 161466 V1

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 27th day of March, 2007.

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
WSBA No. 22486
Myers & Company, P.L.L.C.
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1